UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HDI GLOBAL INSURANCE COMPANY, as subrogee of Fresenius Kabi, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> TURBO EXPRESS, INC., <br><br> Defendant. | Case No. |

## COMPLAINT

Plaintiff HDI Global Insurance Company, as subrogee of Fresenius Kabi, LLC ("Plaintiff"), by and through their undersigned attorneys, states its Complaint against Defendant, Turbo Express, Inc. ("Turbo") as follows:

1. This subrogation action concerns damage to a shipment of medical supplies (the "Cargo") transported by Turbo by truck from Pleasant Prairie, Wisconsin to Las Vegas, Nevada.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337 as this action arises from the transportation of goods in interstate commerce and is governed by the Carmack Amendment to the Interstate Commerce Act, as amended and recodified, 49 U.S.C. § 11706 and § 14706, and the amount in controversy exceeds $10,000 per bill of lading.

3. Turbo is subject to the personal jurisdiction of this Court because it agreed to transport and deliver the Cargo through Illinois and thereby purposefully directed its activities at the forum state.

4. The Northern District of Illinois is the proper venue for this action pursuant to 49 U.S.C. § 14076(d) as Turbo operates through and within this District.

5. At all times relevant hereto, Plaintiff was and now is an insurance corporation organized and existing under Illinois law, with an office and principal place of business in Chicago, Illinois.

6. At all times relevant hereto, Plaintiff issued an insurance policy (the "Policy") to Fresenius Kabi, LLC ("Kabi"), effective for the period in which the acts and omissions that led to the loss described herein took place.

7. At all times relevant hereto, Turbo was and now is an Illinois corporation with an office and place of business in Bensenville, Illinois, within this judicial District, and engaged in business as a motor carrier of goods in interstate commerce.

8. Turbo was a carrier of the Cargo, within the meaning of the Carmack Amendment to the Interstate Commerce Act.

9. On or about August 5, 2022, Turbo was retained to transport the Cargo from Wisconsin to Nevada by freight truck (the "Shipment"), in exchange for the payment of freight or other consideration.

10. The Cargo was tendered to Turbo at origin, in good order and condition and suitable in every respect for its intended transportation, which Turbo accepted and took control over pending delivery to destination in Nevada.

11. Thereafter, on or about August 5, 2022, while within Turbo's possession and control, the Cargo was damaged during the Shipment while on board a trailer in route to Nevada.

12. Turbo failed to deliver the Cargo in the same good order and condition to its destination as it was received, was negligent and careless in its handling of the Cargo, and otherwise breached and violated its statutory, common-law and contractual duties and obligations as common carrier, freight forwarder, or bailee of the Cargo and was otherwise at fault.

13. The loss was not caused by any circumstance that would give rise to a defense or exception to carrier liability, such as inherent vice of the goods or acts of God, public authority, public enemy, or the shipper.

14. Pursuant to an insurance claim made under the Policy then in full force and effect, and prior to the commencement of this action, Plaintiff reimbursed Fresenius Kabi, LLC for the loss at issue, and thereby became subrogated to all of Fresenius Kabi, LLC's rights, remedies, claims, and causes of action with respect to the Cargo, including those asserted against Turbo herein.

15. Plaintiff brings this action on its own behalf and, as agents and trustees, on behalf and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

16. Plaintiff and its subrogor have duly performed all duties, obligations, and conditions precedent required to be performed on their part, including the payment of freight.

17. By reason of the foregoing, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $209,876.05.

**WHEREFORE**, Plaintiff prays:

(i) that process in due form of law may issue against Turbo according to the practice of this Court, citing it to appear and answer the foregoing;

(ii) that judgment be entered against Turbo in the amount of $209,876.05, together with costs, interest, and reasonable attorneys' fees; and

(iii) for such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

HDI GLOBAL INSURANCE COMPANY,
as subrogee of Fresenius Kabi, LLC,


By:     Paul J. Kozacky
              One of its attorneys


Paul J. Kozacky (pkozacky@kwmlawyers.com)
Caitlin J. Brown (cbrown@kwmlawyers.com)
Kozacky Weitzel McGrath, P.C.
77 West Wacker Drive, Suite 4500
Chicago, Illinois  60601
312-696-0900